UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>VOYAGER INDEMNITY INSURANCE COMPANY,<br><br>*Defendant,*<br><br>and<br><br>KYTE RENTALS LLC,<br><br>*As An Interested Party.* | Civil Action No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Empire Fire and Marine Insurance Company (hereinafter "Empire"), by and through its attorneys, White and Williams LLP, and by way of Complaint for Declaratory Judgment, alleges as follows:

**NATURE OF THE ACTION**

1. Empire brings this action, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, seeking a declaration of the rights and obligations of Empire and Voyager Indemnity Insurance Company (hereinafter "Voyager"), in connection with a personal injury action filed in the Supreme Court for the State of New York, Bronx County, captioned *Judith Haber-Brownstein v. Kyte Rentals LLC, et al.*, Index No. 812244/2021E (the "Underlying Action"), resulting from a motor vehicle accident that took place on May 29, 2021 in New York City (the "Accident").

2. Empire seeks a declaration that Voyager owes a duty to defend and indemnify Kyte Rentals, LLC ("Kyte Rentals") and Angela Cilluffo ("Ms. Cilluffo") in connection with the

Underlying Action under an insurance policy issued by Voyager to Kyte Systems, Inc. ("Kyte Systems") in effect on the date of the Accident, because the motor vehicle being driven by Ms. Cilluffo at the time of the Accident (the "Vehicle") was a "covered 'auto'" under the insurance policy issued by Voyager and Kyte Rentals and Ms. Cilluffo qualify as insureds under the Voyager Policy.

## PARTIES

3.  Empire is an Illinois corporation engaged in the insurance business with a statutory home office located at 1299 Zurich Way, Schaumburg, Illinois 60196 and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. Empire is authorized to transact business and has transacted business in the State of New York.

4.  Voyager is a Georgia corporation engaged in the insurance business with a principal place of business at 260 Interstate North Circle SE, Atlanta, Georgia 30339. Voyager is authorized to transact business and has transacted business in the State of New York.

5.  Kyte Rentals is a limited liability company, organized under the laws of the State of California with its principal place of business at 400 Treat, Suite-I, San Francisco, California 94110, and is named in this action solely as an interested party.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 2201 and 2202 as: (i) an actual controversy exists between Empire and Voyager; (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (iii) the matter is between citizens of different states.

7.  Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this district.

34972818v.1

-3-

**FACTUAL BACKGROUND**

**Kyte Systems' Business and Kyte Systems' Leasing of the Vehicle**

8. Kyte Systems is a company that brings rental vehicles to its customers and then picks the rental vehicles up when Kyte Systems' customers are finished with them.

9. Kyte Systems operates by providing an online marketplace connection using web-based technology that connects contractors, fleet partners and/or other businesses, and consumers (the "Kyte platform").

10. Kyte Systems' software permits registered users to place reservations for rental vehicles. Once such orders are made, Kyte Systems' software notifies contractors that a delivery opportunity is available, and the Kyte Systems' software facilitates completion of the delivery.

11. Kyte Systems' customers book a vehicle on demand via Kyte Systems' app or its website for as long as needed.

12. Kyte Systems then delivers the vehicle to the customer.

13. Through the app or website, customers select desired pickup and drop-off windows and locations.

14. Once booked, Kyte Systems dispatches a delivery driver known as a "Kyte Surfer" to deliver the rental vehicle at the time requested.

15. When the customer is ready, a Kyte Surfer picks the rental vehicle back up at the customer's desired location.

16. Kyte Rentals, a subsidiary of Kyte Systems, provides short-term rentals of vehicles to Kyte Rentals' customers through rental agreements.

17. On April 12, 2021, Kyte Systems, as "Customer," and Merchants Fleet, as "Lessor," entered an Open-End Master Lease Agreement ("MLA") for the Vehicle.

18. The MLA requires all vehicles to be registered in Kyte Systems' name.

19. The MLA provides in Paragraph 14, "NATURE OF AGREEMENT," that "The parties intend the lease of Vehicles hereunder to be a true lease" and, pursuant to Paragraph 15, "…. Customer has no right, title or interest in and to any Vehicle leased hereunder except as lessee. Lessor has the right to mark the Vehicle at any time stating its interest as owner ..."

20. A May 17, 2021 "Schedule A" to the MLA lists Kyte Systems as "Customer" and identifies the Vehicle (a 2021 Nissan Sentra) by VIN.

**Kyte Systems' Surfer Agreement with Ms. Cilluffo**

21. Ms. Cilluffo, as "CONTRACTOR," entered a "Kyte Surfer Contractor Agreement" with Kyte Systems,[1] effective April 28, 2021 (the "Kyte Systems Surfer Agreement").

22. The Kyte Systems Surfer Agreement states:

> Kyte is a company that provides an online marketplace connection using web-based technology that connects contractors, fleet partners and/or other businesses, and consumers ("Kyte platform" or "platform"). Kyte's software permits registered users to place reservations for rental cars. Once such orders are made, Kyte software notifies contractors that a delivery opportunity is available and the Kyte software facilitates completion of the delivery. Kyte is not a rental car establishment, rental car service, or owner of any part of a rental car business.
>
> CONTRACTOR is an independent provider of delivery services, authorized to conduct the delivery services contemplated by this Agreement in the geographic location(s) in which CONTRACTOR operates. CONTRACTOR possesses all equipment and personnel necessary to perform the delivery services contemplated by this Agreement in accordance with applicable laws. CONTRACTOR desires to enter into this Agreement for the right to receive delivery opportunities made available through Kyte's platform.
>
> CONTRACTOR understands and expressly agrees that he/she is not an employee of Kyte or any rental car business, other business or consumer and that he/she is providing delivery services on behalf of him/herself and his/her business, not on behalf of Kyte.

---

[1] Kyte Systems is referred to as "Kyte" or "Company" in the Surfer Agreement.

>CONTRACTOR understands (i) he/she is free to select those times he/she wishes to be available on the platform to receive delivery opportunities; (ii) he/she is free to accept or reject the opportunities transmitted through the Kyte platform by consumers, and can make such decisions to maximize his/her opportunity to profit, and (iii) he/she has the sole right to control the manner in which deliveries are performed and the means by which those deliveries are completed.

23. Under Section II, "CONTRACTOR'S OPERATIONS", the Kyte Systems Surfer Agreement states, in relevant part:

>1. CONTRACTOR represents that he/she operates an independently established enterprise that provides delivery services …
>2. … Kyte shall have no right to, and shall not, control the manner, method or means CONTRACTOR uses to perform the Contracted Services. Instead, CONTRACTOR shall be solely responsible for determining the most effective, efficient, and safe manner to perform the Contracted Services, including determining the manner of pickup, delivery, and route selection.
>
>…
>
>4. CONTRACTOR is not required to purchase, lease, or rent any products, equipment or services from Kyte as a condition of doing business with Kyte or entering into this Agreement. […]

24. Under Section III, "CONTRACTED SERVICES", the Kyte Systems Surfer Agreement provides:

>1. From time to time, the Kyte platform will notify CONTRACTOR of the opportunity to complete deliveries or retrievals of cars from fleet operators, the Kyte lot, or other locations to consumers, maintenance locations, or other business destinations, in accordance with orders placed by consumers through the Kyte platform, or other business needs (each of these is referred to as a "Delivery Opportunity"). For each Delivery Opportunity accepted by CONTRACTOR ("Contracted Service"), CONTRACTOR agrees to retrieve the orders from fleets or other businesses, ensure the order was accurately filled, and deliver the order to consumers or business partners in a safe and timely fashion. CONTRACTOR understands and agrees that the parameters of each Contracted Service are established by the consumer, not Kyte, and represent the end result desired, not the

-5-

> means by which CONTRACTOR is to accomplish the result. […]
>
> …
>
> 3. CONTRACTOR acknowledges that CONTRACTOR is engaged in CONTRACTOR's own business, separate and apart from Kyte's business, which is to provide an online marketplace connection using web-based technology that connects contractors, rental cars and/or other businesses, and consumers.
>
> 4. […] … under no circumstances shall Kyte be authorized to control the manner or means by which CONTRACTOR performs delivery services…

25. Section IV of the Kyte Systems Surfer Agreement, "RELATIONSHIP OF PARTIES", states at Paragraph 1:

> The parties acknowledge and agree that this Agreement is between two co-equal, independent business enterprises that are separately owned and operated. The parties intend this Agreement to create the relationship of principal and independent contractor and not that of employer and employee. The parties are not employees, agents, joint venturers, or partners of each other for any purpose. Neither party shall have the right to bind the other by contract or otherwise except as specifically provided in this Agreement.

**The Underlying Action**

26. On September 9, 2021, Ms. Haber-Brownstein ("Claimant") commenced the Underlying Action against Ms. Cilluffo, Kyte Rentals, Bimal Das and Leo Burd.

27. In the Underlying Action, Claimant alleges that Kyte Rentals "was in the business of, among other things, car rental services" and was the owner of the Vehicle.

28. Claimant further alleges that Ms. Cilluffo operated the Vehicle with the "knowledge, permission and consent" of Kyte Rentals, "express or implied", and that she "entered into certain contracts and/or agreements" with Kyte Rentals "wherein she rented" the Vehicle from Kyte Rentals.

29. Claimant also alleges that Kyte Rentals "supervised", "managed" and "maintained" the Vehicle at all times.

30. Claimant alleges that Mr. Burd owned the motor vehicle in which she was a passenger at the time of the accident and that Mr. Das was operating it with the "knowledge, permission and consent" of Mr. Burd, "express or implied."

31. Claimant alleges she sustained serious, severe and permanent personal injuries as a result of the Accident.

**Voyager's Initial Defense and Subsequent Disclaimer**

32. Voyager originally undertook the defense of Kyte Rentals and Ms. Cilluffo in the Underlying Action under the Voyager Policy (defined below).

33. By letter dated April 4, 2022 addressed to Ms. Cilluffo (the "April 4, 2022 Disclaimer"), Voyager reversed course, disclaimed coverage for the Underlying Action, and subsequently tendered the matter to Empire.

34. The April 4, 2022 Disclaimer identified Kyte Rentals as an "Insured" and Ms. Cilluffo as a "Member Driver."

35. The April 4, 2022 Disclaimer advised Ms. Cilluffo that "It appears no coverage exists under [the Voyager Policy], however, because among other things it does not appear that you meet the definition of an insured under the Policy."

36. Voyager acknowledged the existence of the Kyte Systems Surfer Agreement in the April 4, 2022 Disclaimer ("We understand you entered into a 'Surfer Agreement' dated April 28, 2021 with Kyte Systems under which you, as an independent contractor, obtained 'the right to receive delivery opportunities made available through Kyte [Systems'] platform.").

37. Voyager further acknowledged the erroneous nature of the allegations made against Kyte Rentals in the Underlying Action in the April 4, 2022 Disclaimer ("Voyager understands,

based upon its investigation to date, that contrary to the Lawsuit, you did not rent the vehicle from Kyte Rentals but were instead operating the vehicle after accepting a delivery opportunity through the Kyte Systems platform.").

38. In the April 4, 2022 Disclaimer, Voyager reserved the right to contend that the Vehicle was not "used in connection with [Kyte Systems' business]" and, as such, does not qualify as a "covered auto" under the Voyager Policy.

39. In the April 4, 2022 Disclaimer, Voyager disclaimed coverage to Ms. Cilluffo, stating: "Based upon the information Voyager has received to date, including without limitation the Surfer Agreement, it appears you were not an employee or agent of Kyte Systems, and do not otherwise qualify as an insured under the above-referenced Policy provisions."

**Empire's Assumption of the Defense and Tender to Voyager**

40. Empire assumed the defense of Kyte Rentals and Ms. Cilluffo in April 2022, and has been providing for their defense in the Underlying Action since.

41. During the course of discovery in the Underlying Action, Empire learned of the existence of the Surfer Agreement, the ownership of the Vehicle and the circumstances of Ms. Cilluffo operating the Vehicle at the time of the Accident as a Kyte Systems surfer.

42. On October 17, 2024, Empire, through counsel, requested that Voyager assume the defense of Kyte Rentals and Ms. Cilluffo in the Underlying Action, and potentially indemnify them under the terms of the Voyager Policy.

43. To date, Voyager has refused to acknowledge a duty to defend and indemnify Kyte Rentals and Ms. Cilluffo in connection with the Underlying Action.

**The Insurance Policies**

    A.  **The Empire Primary Policy**

44.    Empire issued policy number RSF 8723158-00 to Named Insured KYTE RENTALS LLC for the policy period August 12, 2020 to August 12, 2021 (the "Empire Primary Policy").

45.    The Empire Primary Policy contains the following "**Other Insurance**" condition:

> **5.**    **Other Insurance**
>
> For any covered "auto" you own, this Coverage Form provides:
>
> **a.**    Primary insurance for a covered "auto" while used by you or your "employee" while acting within the course of your "auto" rental operations.
>
> **b.**    Excess insurance over any other collectible insurance for anyone else while using a covered "auto", except a "rentee" or other driver designated in a "rental agreement".
>
> **c.**    Contingent liability insurance for a "rentee" or other driver designated in a "rental agreement", but only if such "rentee" or other designated driver:
>
>> (1)    Does not have available other collectible insurance or "self-insurance", whether primary, excess or contingent, then he or she is an "insured" but only up to the limits provided by this Coverage Form; or
>>
>> (2)    Has available other collectible insurance that is less than the limits provided by this Coverage Form, then he or she is an excess insured only for the amount by which the limits provided by this Coverage Form exceed the limits of his or her other insurance, or retained limit.
>
> **d.**    Excess insurance if the covered "auto" is a "trailer" connected to another vehicle.

        **e.**        Primary coverage for liability assumed under an "insured contract". If other applicable insurance or "self-insurance" applies to liability assumed under an "insured contract", this policy is excess insurance.

### B. The Empire Excess Policy

46.    Empire issued Excess Rental Liability policy number RSX 8723159-00 to Named Insured KYTE RENTALS LLC for the policy period August 12, 2020 to August 12, 2021 (extended to September 24, 2021 by endorsement), with a Combined Single Limit of $1,000,000 (the "Empire Excess Policy").

### C. The Voyager Policy

47.    Voyager issued policy number FAR 3870004, a fleet auto rental insurance commercial auto insurance policy, to Kyte Systems, Inc., 2001 Union Street, #320, San Francisco, California, 94127, for the policy period May 26, 2021 to May 26, 2022 with a $1,000,000 combined single limit and $100,000 deductible per accident. (the "Voyager Policy").

48.    The Voyager Policy states, in pertinent part: "Throughout this policy, the words 'you' and 'your' refer to the **named insured**. The words 'we', 'us' and 'our' refer to the company providing this insurance, Voyager Indemnity Insurance Company."

49.    The Voyager Policy defines Named Insured as "the entity shown in the Declarations", *i.e.*, "Kyte Systems, Inc."

50.    **SECTION I – COVERED AUTOS** of the Voyager Policy states, in pertinent part:

    **A.**    **Description of Covered Autos**
…
**2.**    **Autos** you do not own that are used in connection with your business. This includes:
**a.**    **Autos** owned by your **employees** in connection with your business;
**b.**    **Autos** borrowed or hired by you to be used in connection with your business;

>> c. **Autos** used as substitutes for covered **autos** and used in connection with your business.

51. The Voyager Policy contains the following insuring agreement, in pertinent part, under **SECTION II – LIABILITY COVERAGE**:

> We will pay all sums an **insured** legally must pay as damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a covered **auto** within the **term of coverage**. …
>
> We have the right and duty to defend any **insured** against a **suit** asking for such damages … However, we have no duty to defend any **insured** against a **suit** seeking damages for **bodily injury** or **property damage** … to which this insurance does not apply. We may investigate and settle any claim or **suit** as we consider appropriate. Our duty to defend and/or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments, settlements or the **litigation expenses**. Our duty to defend will immediately terminate when the Liability Coverage Limit of Insurance is exhausted by the payments set forth above.

52. By endorsement, defense costs are outside of limits under the Voyager Policy:

> **Defense Costs Outside of Limits**
>
> Under **SECTION II – Liability Coverage, A. Coverage** – Paragraph two, beginning with "We have the right and duty to defend" is deleted and replaced with the following:
>
> We have the right and duty to defend any **insured** against a **suit** asking for such damages … However, we have no duty to defend any **insured** against a suit seeking damages for **bodily injury** or **property damage** … to which this insurance does not apply. We may investigate and settle any claim or **suit** as we consider appropriate. Our duty to defend and/or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements. Our duty to defend will immediately terminate when the Liability Coverage Limit of Insurance is exhausted by the payments set forth above.

Under SECTION II – Liability Coverage, C. Limit of Insurance – Paragraph four, beginning with "All claim settlement costs" is deleted and replaced with the following:

> All **litigation expenses** are in addition to such limits of liability shown on the Declarations.

Under **SECTION V – DEFINITIONS**, **Litigation expenses** is deleted and replaced with the following:

1. All fees, costs and expenses charged by an attorney or law firm or a service provider designated by the company to represent an insured in any dispute arising from the policy or provide services in connection with representation of an insured in any litigation; and

2. All other fees, costs and expenses, including the company's own fees, costs and expenses or those of an affiliate, resulting from the investigation, adjustment, defense or appeal of a claim, as authorized by the company, including any coverage issues that may arise.

> The determination of the company as to the reasonableness of **litigation expenses** shall be conclusive as to an **insured**.

53. The following are "**insureds**" under the Voyager Policy pursuant to the policy's

"**Who Is An Insured**" provision:

    **a.**    You for any covered **auto**;
    **b.**    Any of your **employees** or agents;
    **c.**    Any **member** operating a covered **auto** with your consent related to the **named insured's auto** rental program within the **term of coverage**; or
    **d.**    Anyone else while using, with your permission, a covered **auto** you own, hire or borrow except:
        **(1)**    The owner or anyone else from whom you hire or borrow a covered **auto**. This exception does not apply if the covered **auto** is a **trailer** connected to a covered **auto** you own.
        **(2)**    Your **employee** if the covered **auto** is owned by that **employee** or a member of his or her household.
        **(3)**    Someone using a covered **auto** while he or she is working in a business of selling, servicing, repairing, parking or storing **autos** unless that business is yours.

  **(4)** Anyone other than your **employees**, members (if you are a limited liability company) or a lessee or borrower or any of their **employees**, while moving property to or from a covered **auto**.

  **(5)** A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered **auto** owned by him or her or a member of his or her household.

 **e.** Anyone liable for the conduct of an **insured** described above but only to the extent of that liability.

54. Under the Voyager Policy Definitions, "**Insured**" means, in pertinent part:

> any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. […]

55. The Voyager Policy contains the following "**Other Insurance**" condition, in pertinent part:

**L.** **Other Insurance**

 **1.** For any covered **auto** you own, this policy provides primary insurance. For any covered **auto** you don't own, the insurance provided by this policy is excess over any other collectible insurance. However, while a covered **auto** which is a trailer is connected to another vehicle, the Liability Coverage this policy provides for the trailer is:

  a. Excess while it is connected to an **auto** you do not own.

  b. Primary while it is connected to a covered **auto** you own.

 **2.** Any covered **auto** you lease, hire, rent or borrow is deemed to be a covered **auto** you own. However, any **auto** that is leased, hired, rented or borrowed with a driver is not a covered **auto**.

 **3.** Regardless of the provisions of paragraph **a.** above, the Liability Coverage provided by this policy is primary for any liability assumed under an **insured contract**.

 **4.** When this policy and any other coverage form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of this policy bears to the total of the limits of all the coverage forms and policies covering on the same basis.

-14-

56. Because Kyte Systems leased the Vehicle, the Vehicle is a covered auto Kyte Systems owns under paragraph 2 of the Voyager Policy's Other Insurance condition.

57. Because the Vehicle is a covered auto Kyte Systems owns, the Voyager Policy provides primary insurance under paragraph 1 of the Voyager Policy's Other Insurance condition.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST VOYAGER
**(Declaratory Judgment – Duty to Defend and Indemnify)**

58. Empire repeats and re-alleges each and every allegation set forth in all preceding paragraphs of its Complaint as if fully stated herein.

59. Ms. Cilluffo was operating the Vehicle as a Kyte Systems "surfer" under the Kyte Systems Surfer Agreement on the date and time of the Accident.

60. The Vehicle qualifies as a "covered auto" under the Voyager Policy.

61. Ms. Cilluffo qualifies as an "insured" under the Voyager Policy.

62. Kyte Rentals qualifies as an "insured" under the Voyager Policy.

63. Defense coverage and indemnity coverage is owed to both Kyte Rentals and Ms. Cilluffo under the Voyager Policy.

64. To date, Voyager has refused to accept the defense of Ms. Cilluffo and Kyte Rentals in the Underlying Action and has refused to acknowledge its obligation to indemnify them in connection with the Underlying Action.

65. An actual case or controversy exists between Empire and Voyager concerning the obligation to provide defense and indemnity coverage under their respective policies in connection with the Underlying Action.

66. A resolution of this dispute is necessary to resolve Empire's and/or Voyager's alleged duties to defend and/or indemnify in connection with the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST VOYAGER
**(Declaratory Judgement – Priority of Coverage)**

67. Empire repeats and re-alleges each and every allegation set forth in all preceding paragraphs of its Complaint as if fully stated herein.

68. Pursuant to the terms of the Voyager Policy, Voyager has an obligation to provide both Kyte Rentals and Ms. Cilluffo a defense against the claims asserted against them in the Underlying Action and to indemnify them in connection therewith.

69. Pursuant to the terms of the Voyager Policy, the Voyager Policy provides primary and non-contributory coverage to Kyte Rentals and Ms. Cilluffo.

70. To date, Voyager has failed to acknowledge its obligation to provide primary, non-contributory coverage to Kyte Rentals and Ms. Cilluffo.

71. Therefore, Empire seeks a judicial determination and declaration that Voyager is obligated to provide primary, non-contributory coverage to Kyte Rentals and Ms. Cilluffo in the Underlying Action.

91. A resolution of this dispute is necessary to resolve Empire's and/or Voyager's alleged duties to defend and/or indemnify in connection with the Underlying Action.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST VOYAGER
**(Equitable Contribution)**

92. Empire repeats and re-alleges each and every allegation set forth in all preceding paragraphs of its Complaint as if fully stated herein.

93. Voyager has wrongfully failed to provide Ms. Cilluffo and Kyte Rentals with defense and indemnity in the Underlying Action.

-16-

94. Voyager's failure to provide defense and indemnity to Ms. Cilluffo and Kyte Rentals in the Underlying Action on a primary and non-contributory basis violates the terms of the Voyager Policy.

95. As a direct and proximate result of Voyager's failure to provide a defense and indemnity to Ms. Cilluffo and Kyte Rentals in the Underlying Action in violation of the obligations set forth in the Voyager Policy, Empire has incurred considerable defense costs and may incur indemnity costs.

96. An actual and justiciable controversy exists between Empire and Voyager regarding Voyager's obligation to reimburse Empire for the amounts incurred or that will be incurred on behalf of Ms. Cilluffo and Kyte Rentals in the Underlying Action.

97. Accordingly, the Court should award to Empire, and order Voyager to pay, all amounts that Empire has incurred or will incur in the defense and indemnity of Ms. Cilluffo and Kyte Rentals in the Underlying Action, plus statutory interest.

**WHEREFORE**, Empire respectfully requests that the Court enter a judgment:

a. declaring that Voyager has an obligation to defend and indemnify Kyte Rentals and Ms. Cilluffo in connection with the Underlying Action under the Voyager Policy;

b. declaring that the Voyager Policy is primary to and non-contributory with the Empire Fire Policies;

c. declaring that Voyager is obligated to reimburse Empire Fire for attorney's fees, costs, expenses and loss incurred on behalf of Kyte Rentals and/or Cilluffo;

d. for such other and further relief as the Court deems just and proper.

DATED this 29th day of April 2025

34972818v.1

-17-

WHITE AND WILLIAMS LLP

By: */s/ Gabriel E. Darwick*
Gabriel E. Darwick
Luciana P. Lalande
810 Seventh Avenue, Suite 500
New York, NY 10019
(212) 244-9500

*Attorneys for Plaintiff,*
*Empire Fire and Marine Insurance Company*